Dear Ms. Aubert:
We are in receipt of your request for an Attorney General's opinion regarding an election matter. Specifically, the council has passed a resolution seeking an Attorney General's opinion on the following question:
 Whether the use of the "Yes I voted Today" stickers at the voting polls on Saturday, July 15, 1995 constituted electioneering within 600 feet of a polling place, in violation of Louisiana Revised Statute 18:1462?
The Council members passed Resolution No. 95-1051, seeking this opinion, and stated that "many voters have expressed their belief that the purpose and intent of the `Yes' stickers was not simply to indicate that the voter had cast a ballot, to encourage other voters to do the same but rather to influence voters to vote `Yes' on the three ballot propositions". Additionally, the resolution states that the "Yes" stickers were distributed to the poll commissioners as part of their official materials by the office of the Clerk of Criminal District Court.
LSA-R.S. 18:1462, as amended by Act 300 (1995) and precleared by the United States Justice Department, provides, in pertinent part:
 A. The Legislature of Louisiana recognizes that the right to vote is a right that is essential to the effective operation of a democratic government. Due to a past, longstanding history of election problems, such as multiple voting, votes being recorded for persons who did not vote, votes being recorded for deceased persons, voting by non-residents, vote buying, and voter intimidation, the legislature finds that the state has a compelling interest in securing a person's right to vote in an environment which is free from intimidation, harassment, confusion, obstruction, and undue influence. The legislature, therefore, enacts this Subsection to provide for a six hundred foot campaign-free zone around polling places to provide to each voter such an environment in which to exercise his right to vote. Except as otherwise specifically provided by law, it shall be unlawful for any person, between the hours of 6:00 a.m. and 9:00 p.m., to perform or cause to be performed any of the following acts within any polling place being used in an election on election day or within any place wherein absentee voting is being conducted, or within a radius of six hundred feet of the entrance to any polling place being used in an election on election day or any place wherein absentee voting is being conducted:
 (1) To solicit in any manner or by any means whatsoever any other person to vote for or against any candidate or proposition being voted on in such election.
* * *
 (3) To hand out, place, or display campaign cards, pictures, or other campaign literature of any kind or description whatsoever.
 (4) To place or display political signs, pictures, or other forms of political advertising.
* * *
 C. The provisions of this Section shall not be construed as prohibiting any appointed election commissioner or any official watcher from remaining in and about the polling place in which he was selected to serve. However, no appointed election official shall wear any badge, button, pin, or other insignia identifying him with any political candidate or faction, nor shall any such official in any manner attempt to influence any voter to vote for or against any candidate or proposition being voted on in the election being held in that polling place.
* * *
 E. The duly constituted law enforcement officers of the political subdivision in which any such election is being held shall enforce the provisions of this Section when requested to do so by the commissioners. The election commissioners at the several polling places likewise shall enforce the provision of this Section. These law enforcement officers and commissioners are authorized to seize, remove, and destroy any political cards, signs, pictures, or literature being used or displayed in violation of any of the provisions hereof.
 F. Whoever violates any provision of this Section shall be fined not more than five hundred dollars or be imprisoned for not more than six months, or both. On a second offense or any succeeding offense, the penalty shall be a fine of not more than one thousand dollars or imprisonment for not more than one year, or both. (Emphasis added.)
The legislative intent is clearly stated in Paragraph A to provide for a "campaign-free zone" of 600 feet around polling places on election day, "free from intimidation, harassment, confusion, obstruction, and undue influence". Enforcement for any violation of this law is conferred upon the election commissioners at the polling places. The law mandates that the election commissioners enforce the law and (1) seize, remove and destroy political cards, signs, pictures, or literature being used in violation of the law, or (2) request a law enforcement officer to handle the matter.
Criminal laws are to be strictly construed with only those acts being offenses which are clearly made so by language of a statute. State v. Jones, 56 So.2d 724 (La. 1952). A crime is defined by R.S. 14:7 as "[t]hat conduct which is defined as criminal in this Code, or in other acts of the legislature, or in the constitution of this state."
Your question of whether the use of a "Yes I voted Today" sticker constitutes electioneering within 600 feet of the polling place in violation of R.S. 18:1462 is a fact question which hinges upon an interpretation of the circumstances surrounding the facts. For example, if only candidates appeared on the election ballot, such a sticker could have only one interpretation: that a person voted that day. However, if a proposition also appeared on the day's ballot, such a sticker could have a couple of possible interpretations: (1) that a person voted that day, (2) that a person voted yes that day.
While we are of the opinion that the handing out or displaying of the stickers in question at the voting polls on election day where propositions were on the day's ballot would most likely be found by a trier of fact to be a prohibited activity in violation of R.S. 18:1462, we are unable to make a determination as to a specific violation. This question is one which should be answered by a trier of fact. You may want to consult with your local district attorney regarding this matter.
With regard to your statement that the stickers in question were delivered to the poll commissioners in the official election materials, we refer you to R.S. 18:552. Section 552 of the election code specifically provides for the election materials to be furnished for a primary and general election, and does not provide for any campaign material to be included, regardless of whether the material is apolitical or not.
We hope that this opinion has provided you with some guidance in this area of the law for future elections, and if we can be of further assistance, please do not hesitate to contact our office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 _________________________________ ANGIE ROGERS LaPLACE Assistant Attorney General
RPI/ARL/pb